UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWN CAPITAL, LLC, a California limited
liability company,

        Plaintiff,

v.

DAVID SMITH AUTOLAND, INC., a
Georgia corporation , and MARK GLOW,
and DAVID SMITH,

        Defendants.
                                    /

Case No. 10-mc-51002

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION FOR CONFIRMATION
## OF ARBITRATION AWARD (docket no. 1)

Own Capital LLC ("Own Capital") filed a motion asking this Court to enter an order confirming an arbitration award against David Smith Autoland, Inc., and two individuals, of $474,315.69. The subject of the arbitration was a promissory note executed by the parties to the case, on which the defendants allegedly defaulted. The action is brought under section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which permits entry of a judgment confirming an arbitration award upon application to the court. The motion has a number of deficiencies that prevent the Court from granting the motion and issuing any judgment. The Court will order the plaintiffs to submit an amended application or motion that properly alleges the citizenship of Own Capital, so the Court can determine whether it has subject-matter jurisdiction. In addition, the Court requests that Own Capital provide notice of this action to the defendants, in accordance with the FAA and the Federal Rules of Civil Procedure.

I. <u>Does the Court have subject-matter jurisdiction over this action?</u>

The Court has an obligation to dismiss an action if "at any time" it decides that "it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Own Capital asserts that this is a federal question case under 28 U.S.C. § 1331, because it arises from the "parties' agreement to arbitrate under the Federal Arbitration Act." Mot. ¶ 5. But this is not a sufficient basis for federal question jurisdiction. The Sixth Circuit is in agreement with the other circuits in holding that section 9 of the FAA does not itself create a federal question. *Ford v. Hamilton Invs.*, 29 F.3d 255, 257–58 (6th Cir. 1994) (affirming this rule and citing other circuits); *see also Gen. Atomic Co. v. United Nuclear Corp.* 655 F.2d 968, 969 (9th Cir. 1981) (recognizing that an interpretation of section 9 which did confer subject matter jurisdiction would "work great mischief to the overall scheme of the Arbitration Act"). Because the subject of this arbitration was a promissory note governed by state contract law, there is no other source of federal law on which to base federal question jurisdiction.

Moreover, there is not enough information in the motion to determine if this case can be heard under the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). Plaintiff describes itself as a "California limited liability company," with the implication that it is diverse from the Georgia-based defendants in this case. Mot. ¶ 1. Yet it is well-established that to meet the requirement of "complete diversity" under section 1332(a), one must allege that no member of the LLC shares citizenship with an adversary. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[A] limited liability company has the citizenship of each of its members."). To give Own Capital an opportunity to show that this is a case over which the Court can properly exercise jurisdiction, the Court will order Own Capital to amend its application or motion to

include proper allegations of the citizenship of each of its members for purposes of section 1332(a).

II. Has Own Capital provided proper notice of this action to the defendants?

Setting aside the potential jurisdictional problems, the Court is concerned that the defendants to this action have not yet been given a proper opportunity to respond to the entry of this judgment. The arbitration record indicates that no representative from the defendant appeared in the arbitration. Mot., p. 14–15. Moreover, there is no record on the docket of an attempt to provide notice to these parties of either the arbitration or this motion, and no certificate of service has been filed with the court.

Section 9 of the FAA does not permit a party to simply ask for a judgment from a district court while ignoring standard procedures for providing notice of the action to defendants. Indeed, the statute specifically provides:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found *in like manner as other process of the court*.

9 U.S.C. § 9 (emphasis added). The third sentence, including the italicized phrase, applies here, as the arbitration took place in Michigan, while the defendants are alleged to have domicile in Georgia. The Sixth Circuit has not taken up this issue, but the Court finds persuasive the Second Circuit's holding that the phrase "in like manner as other process of the court" requires the party applying for confirmation of an arbitration award under section 9 to follow Fed. R. Civ. P. 4 in providing notice to adversarial parties. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1278 (2d Cir. 1971); *see*

*also Matter of Lauritzen Koran Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) (finding that service of process on an attorney, inadequate under Rule 4, was also insufficient under section 9 of the FAA, despite later concluding that the objection was waived because actual notice had been provided). This case bears out the wisdom of such a rule; if it were not in place, Own Capital would be able to obtain a binding judgment on an arbitration the defendants had no opportunity to oppose. The FAA provides mechanisms for vacating or modifying an arbitration ruling that the defendants should, at the very least, have an opportunity to invoke before entry of a judgment.[1] *See* 9 U.S.C. § 10(a), 11.

The Court stresses that this issue is not necessarily terminal. Rule 4 provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . ." Fed. R. Civ. P. 4(m). More time can be given to serve the defendants if Own Capital shows "good cause for the failure." *Id.* Nevertheless, given that Own Capital approached the Court to "sign off" on a significant judgment against the defendants, without any indication of an intent to give them a chance to respond to the application or motion, the Court will take this opportunity to remind Own Capital that "[n]otice of the application" for a confirmatory judgment must be served on the defendants "in like manner as other process of this court," following Rule 4 of the Federal Rules. 9 U.S.C. § 9. Unless and until such notice is given, the Court cannot enter a confirmatory judgment on the arbitration award.

---

[1] In addition, this motion violates E.D. Mich. LR 7.1(a), which requires parties to "obtain[ ] concurrence" on a contemplated motion prior to filing or explain the reasons it has not been obtained. Some explanation for an absence of concurrence must be included in Own Capital's amended motion or application. *See* E.D. Mich. LR 7.1(a)(2)

**WHEREFORE**, it is hereby **ORDERED** that Own Capital's Motion for Confirmation of Arbitration Award (docket no. 1) is **DENIED**.

**FURTHERMORE**, it is hereby **ORDERED** that Own Capital has fourteen (14) days, from the date of this Order, to submit an amended motion or application for a judgment confirming the arbitration award that properly pleads the citizenship of each of its members. Failure to comply with this order will result in dismissal of this action, without prejudice. In addition, the defendants must give proper notice of this action to the defendants, as outlined above.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager